[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 Facts
The plaintiffs, Maria T. Everett (the minor plaintiff), Patricia Everett and David Everett bring this action against the defendant, Whitewater Mountain Resorts, Inc., alleging that the negligence of the defendant caused personal injuries to the minor plaintiff. The defendant has pleaded four special defenses. The plaintiff filed a motion to strike the first two special defenses.
The plaintiff was a business invitee of the defendant on January 12, 1999. At approximately 6:15 p. m., the minor plaintiff was skiing on the "upper dinosauras" slope at Powder Ridge Ski Area when she began to ski through a crossover area to another slope. She was forced toward the wooded edge of the crossover area due to the presence of another skier. At that time, the minor plaintiff claims that she collided with two exposed, upright metal pipes which were protruding from the ground at the edge of the crossover area. As a result of the collision with these pipes the plaintiff alleges serious personal injuries and losses.
 Discussion
In its first special defense the defendants claim:
 "The plaintiffs' claims are barred by Maria T. Everett's assumption of the risk in accordance with Connecticut General Statute § 29-212."
In its second special defense the defendant claims that by purchasing a Powder Ridge lift ticket, Maria Everett, expressly assumed the risk and legal responsibility of certain hazards identified on the ticket. CT Page 12725
Connecticut General Statutes § 29-212 is headed "Assumption of Risk of Injury by Skier, when." The section provides in pertinent part:
 Each skier shall assume the risk of, and legal responsibility, for, any injury to his person or property arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents, or employees. Such hazards include, but are not limited to, (1) variations in the terrain of the trial or slope which is marked in accordance with subdivision 3 of § 29-211 or variations in surface or subsurface snow or ice conditions, except that no skier assumes the risk of variations which are caused by the operator, unless such variations are caused by snow making, snow grooming, or rescue operations; (2) bare spots which do not require the closing of the trail or slopes; (3) conspicuously marked lift towers; (4) trees or other objects within the confines of the trail or slope . . . (6) collisions with any other person by any skier while skiing."
The first sentence of § 29-212 appears to make the defense of assumption of risk available to a ski operator defendant, unless the injury was caused by negligent operation of the ski area. It is difficult to envision why the defense of assumption of risk would be necessary unless the injury was caused by the operation of the ski area. On a closer reading, the risks assumed appear to be the risks of "hazards inherent in the sport of skiing" and the statute provides that such hazards include, but are not limited to, certain itemized hazards. All of those hazards appear to describe matters which could be expected to be found in all ski areas. It appears to the Court that the alleged "two exposed, upright metal pipes which were protruding from the ground" are not normal hazards of a ski area. Since these are not normal hazards of a ski area, this Court holds that they are not within those risks which are assumed by the plaintiff.
The motion to strike the first special defense because of the rules set forth in § 29-212 is granted.[1]
The second special defense relies upon an alleged "ticket contract" which appears to be an attempt to expand the risk which are assumed by a skier. The plaintiff argues that any attempt by CT Page 12726 the defendant to create a contract through its lift tickets and to broaden the provisions of § 29-212 on said tickets by "conveniently omitting the statutory language `unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents, or employees,' is unconscionable, void and contrary to our law." While the above quoted words fully support the plaintiffs' position that the second special defense should be stricken, the plaintiff offers no authority for its conclusion. Neither can the Court find authority for that conclusion.
It is true that the law does not favor contract provisions which relieve a person from his own negligence. Mattegat vs.Klopfenstein, 50 Conn. App. 97, 103, cert. denied, 247 Conn. 922
(1998). It is also true that "courts have shown a tendency to hold [pre-printed form] contracts against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, under appropriate circumstances such as when there is assent by both parties. [citation omitted]" Devlin vs.Homechek Real Estate, (Superior Court Judicial District of Stamford-Norwalk, (January 5, 1999), Karazin, J.
Applying the law to the facts of the case the plaintiff properly raised the limitation of liability clause as a special defense. Whether the clause is enforceable is an issue that will have to be determined later when more evidence has been gathered.
For the foregoing reasons, the motion to strike the second special defense on the ground that it is unconscionable, void and contrary to our law is denied.
The plaintiff has also moved to strike both the first and second special defenses claiming that insufficient facts are pled. It is the purpose of the special defense to plead facts which are consistent with the allegations of the complaint, but demonstrate, nevertheless, that the plaintiff has no cause of action. Grant vs. Bassman, 221 Conn. App. 472, 473.
While the Court finds that the defendant, Whitewater Mountain Resorts, Inc., has pled facts sufficient to support the conclusion in its second special defense, it further finds that it has not pled any facts sufficient to support the bold legal conclusion of assumption of risk in its first special defense. CT Page 12727
For the reasons stated above, the Court strikes the first special defense for failure to plead sufficient facts, but refuses to strike it as inconsistent with § 29-212. Further the Court refuses to strike the second special defense.
By,
Kevin E. Booth, J.